IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY LEE SMITH                                                                              PLAINTIFF

VERSUS                                               CIVIL ACTION NO.  1:06cv634LG-RHW

STATEWIDE INSURANCE COMPANY, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Harrison County Community Work Center, Gulfport, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On July 19, 2006, an order was entered denying the Plaintiff's motion to proceed *in forma pauperis*.  The Plaintiff was ordered to pay the filing fee of $350.00 within thirty days. *See Order* of July 19, 2006 [8-1], p. 4.  The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the orders could result in the dismissal of his complaint.  The Plaintiff failed to comply with this order.

On September 14, 2006, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the order entered on July 19, 2006.  In addition, the Plaintiff was directed to comply with the July 19, 2006,  order by paying the required filing fee of $350.00.  The Plaintiff was once again warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. The Plaintiff has not complied with the show cause order.  In fact, the docket reflects that the envelope containing a copy of the September 26, 2006, order was returned with the notation to "return to sender-not here."

It is readily apparent to the Court that the Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with two Court orders.  It is also apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Link, supra*, 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 25th day of October, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE